IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION


ROBERT G. SAYRES                                               PLAINTIFF

              v.                   Civil No. 14-3065

SHERIFF ROBERT GRUDEK, Carroll
County, Arkansas; RAY HOBBS, Director
of the Arkansas Department of Correction;
DAVE MUNIZ, Berryville Police Department;
and JAMIN MARTIN, Parole Officer                              DEFENDANTS


## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff, Robert Sayres, has filed this action under the provisions of 42 U.S.C. § 1983.

Sayres has paid his filing fee because he is not eligible to proceed *in forma pauperis* (IFP) under

the terms of the Prison Litigation Reform Act (PLRA). Specifically, Sayres has had three prior

actions dismissed as frivolous. 28 U.S.C. § 1915(g).

Notwithstanding his payment of the filing fee, because he is incarcerated and is seeking

redress from a governmental entity or officer or employee of a governmental entity, the Court

must pre-screen his complaint to determine if the claims are: (1) frivolous or malicious; (2) fail

to state claims on which relief may be granted; or, (3) seek money damages from a defendant

who is immune from suit. 28 U.S.C. § 1915A(a)-(b).

## I. BACKGROUND

The Defendants in this case are Robert Grudek, the Sheriff of Carroll County, Arkansas,

Ray Hobbs, the Former Director of the Arkansas Department of Correction, Officer Dave Muniz,

of the Berryville Police Department, and Jamin Martin, a parole officer. Sayres is currently

-1-

incarcerated in the Boone County Detention Center.

According to the allegations of the Amended Complaint, Sheriff Grudek and his officers have been harassing and falsely imprisoning Sayres "over and over" for nineteen years. Sayres alleges this is because he caused Sheriff Lonnie Nichols to be fired as a result of a 1995 case Sayres was involved in. Sayres alleges Sheriff Grudek's office took part in wrongfully imprisoning Sayres in 2001 and in September of 2013. Sayres also mentions the failure of Sheriff Grudek to pay him for the wrongful actions, respond to the claims of wrongful imprisonment, or take care of his medication needs. Sayres contends this harassment includes a wrongful charge in September 29, 2013, of failure to appear in connection with three hot checks he wrote back in 1995 and for which he spent ten months in prison.

Sayres states that in December of 2014 he asked Defendant Hobbs for a hearing in relation to the conduct of the Harrison parole office. Sayres alleges at least three officials from the parole office have lost their jobs because of wrongful actions they took against him. Sayres asserts that he also submitted a habeas corpus action for false imprisonment. Sayres also asserts that he was not guilty of forgery or of being a felon in possession of a firearm in 2005.

With respect to Chief Muniz, Sayres alleges that he "caused me years of violations for hiring me to work for his department." Sayres alleges the harm caused has continued for nineteen years. Specifically, Sayres alleges he was beaten, wrongfully imprisoned in 2001, and "harmed by gun point." According to Sayres, Chief Muniz authorized him to skip court dates and instructed Sayres to move to Texas. Sayres estimates that he was arrested fifteen times for the hot checks. Sayres alleges Chief Muniz kept telling him that Muniz would personally take care of the three "hot checks that went into overdraft in 1995." Finally, Sayres alleges he was

AO72A
(Rev. 8/82)

falsely imprisoned for ten more months after turning himself in on September 29, 2013. Sayres indicates he is seeking a jury trial for Chief Muniz' hiring him and misleading him all these years.

With respect to Jamin Martin, Sayres alleges he has conspired against the Sayres and works in a corrupt office. Sayres alleges Jamin Martin put false statements in a parole revocation form and forced Sayres to sign a waiver of a parole revocation hearing in the dark. Sayres alleges Martin also forced Sayres to give him Sayres's Mother's medication. Sayres maintains that Martin wrongfully used his office to send Sayres to prison. Finally, Sayres contends Martin falsely stated that Sayres had stolen a recreational vehicle (RV) from Martin's cousin, Michelle Martin. Sayres states Martin had it out for him because he was going to marry Martin's cousin.

As relief, Sayres is seeking: medical expenses for the past nineteen years; compensatory damages for the false incarceration; lost wages; loss of the right to bear arms; being homeless; and, he asks for the passage of a law that provides for contracts before anyone else is used by the police.

## II. DISCUSSION

Under the Prison Litigation Reform Act (PLRA), the Court is obligated to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (a) are frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or, (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be

-3-

granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "In evaluating whether a pro se plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded, . . . to less stringent standards than formal pleadings drafted by lawyers.'" Jackson v. Nixon, 747 F.3d 537, 541 (8th Cir. 2014)(quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007)).

This is not Sayres's first case arising out of his alleged employment by the Berryville Police in 1995 or 1996, his conviction for having written three hot checks, and various alleged retaliatory encounters he had with law enforcement. See e.g., Sayres v. Hutson, et al., Civil No. 05-3063 (dismissed as barred by the statute of limitations, as frivolous, and for failing to state a claim--§ 1915(g) strike); Sayres v. Putman et al., Civil No. 05-3038 (claims dismissed under the doctrine of *res judicata* except a claim based on his being attack by a fellow inmate on the order of a jail official which was thereafter dismissed for failure to obey an order of the Court); Sayres v. Pearson, Civil No. 05-3049 (dismissed on grounds the claims were barred by the statute of limitations, were frivolous, or failed to state claims on which relief could be granted--§ 1915(g) strike); Sayres v. Hickman, et al, Civil No. 06-3043 (dismissed by virtue of the three strikes rule--§ 1915(g)); Sayres v. State of Arkansas, et al., Civil No. 10-3032 (dismissed as frivolous, for failure to state a claim, and for seeking relief against individuals immune from suit--§ 1915(g) strike flag); Sayres v. Felts, et al., Civil No. 13-3096 (dismissed as frivolous, for failure to state a claim, for seeking relief against immune individuals, and on the grounds the claims were not presently cognizable).

I conclude this case is also subject to dismissal.  First, *res judicata* bars several aspects

of Sayres' claims.  In determining whether *res judicata* bars relitigation of a claim, the Court considers the following factors: (1) the first suit must result in a final judgment on the merits; (2) the first suit must be based on proper jurisdiction; (3) both suits must involve the same nucleus of operative fact; and, (4) both suits must involve the same parties or their privies.  See e.g., Kolb v. Scherer Bros. Financial Services Co., 6 F.3d 542, 544 (8th Cir. 1993).  All elements are met in this case with respect to certain aspects of Sayres' claims.  I need not delineate the claims that are barred, however, as all claims are otherwise subject to dismissal for the reasons addressed below.

Second, many of Sayres' claims are barred by the statute of limitations.  Section 1983 does not contain its own statute of limitation.  Instead, causes of action under § 1983 are governed by "the most appropriate or analogous state statute of limitations." Goodman v. Lukens Steel Co., 482 U.S. 656, 660 (1987)(§ 1981 case); see also Wilson v. Garcia, 471 U.S. 261, 268 (1985)(§ 1983 case); Bell v. Fowler, 99 F.3d 262, 265-266 (8th Cir. 1996)(§ 1985 case).  In Arkansas, this is the three year personal injury statute of limitations, Ark. Code Ann. 16-56-105(3) (2005); see Miller v. Norris, 247 F.3d 736, 739 (8th Cir. 2001)(Ark. Code Ann. § 16-56-105(3) is the statute of limitations applicable to § 1983 cases).  Thus, any claims based on events that occurred prior to June of 2011, would be barred by the statute of limitations.

Third, Sayres's claims against Sheriff Grudek are subject to dismissal.  Sayres claims harassment, wrongful arrest, wrongful incarceration, and wrongful conviction. In Baker v. McCollan, 443 U.S. 137 (1979), the Supreme Court stated:

> The Constitution does not guarantee that only the guilty will be arrested. If it did, § 1983 would provide a cause of action for every defendant acquitted-indeed, for every suspect released. Nor are the manifold procedural protections afforded criminal defendants under the Bill of Rights "without limits." *Patterson v. New*

-5-

*York*, 432 U.S. 197, 208, 97 S.Ct. 2319, 2326, 53 L.Ed.2d 281 (1977). "Due process does not require that every conceivable step be taken, at whatever cost, to eliminate the possibility of convicting an innocent person." *Ibid.*

The Fourteenth Amendment does not protect against all deprivations of liberty. It protects only against deprivations of liberty accomplished "without due process of law." A reasonable division of functions between law enforcement officers, committing magistrates, and judicial officers-all of whom may be potential defendants in a § 1983 action-is entirely consistent with "due process of law." Given the requirements that arrest be made only on probable cause and that one detained be accorded a speedy trial, we do not think a sheriff executing an arrest warrant is required by the Constitution to investigate independently every claim of innocence, whether the claim is based on mistaken identity or a defense such as lack of requisite intent. Nor is the official charged with maintaining custody of the accused named in the warrant required by the Constitution to perform an error-free investigation of such a claim. The ultimate determination of such claims of innocence is placed in the hands of the judge and the jury.

Baker, 443 U.S. at 145-46. The Sheriff had no duty to independently investigate Sayres's claims of innocence.

Additionally, the "Constitution does not mention malicious prosecution nor do[es Sayres] cite a basis for a federal action for malicious prosecution." Kurtz v. City of Shrewsbury, 245 F.3d 753, 758 (8th Cir. 2001). The Eighth Circuit has "uniformly held that malicious prosecution by itself is not punishable under § 1983 because it does not allege a constitutional injury." *Id.*

To the extent Sayres asserts a false arrest claim, it fails as a matter of law. A false arrest claim does not lie where there is probable cause to make an arrest. Anderson v. Franklin County, 192 F.3d 1125, 1131 (8th Cir. 1999). Sayres admitted he violated the terms of his parole.

To the extent Sayres seeks to challenge the revocation of his parole and subsequent incarceration, the claims are barred by Heck v. Humphrey, 512 U.S. 477 (1994). In Heck, the Supreme Court held that a claim for damages for "allegedly unconstitutional conviction or

-6-

imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid" is not cognizable until "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of *habeas corpus*." Heck, 512 U.S. 486-87. The holding of Heck has been applied to claims that would, if successful, imply the invalidity of a parole or probation revocation. See e.g., Jackson v. Vannoy, 49 F.3d 175, 177 (5th Cir. 1995). Clearly, the holding of Heck bars Sayres' claims based on his parole revocation.

Moreover, to the extent Sayres contends he was the target of "selective prosecution," his claim fails. In general, to prevail on a claim of selective enforcement or prosecution in violation of the Equal Protection Clause, a plaintiff must prove: (1) he has been singled out for prosecution although others similarly situated have not been prosecuted for similar conduct; and, (2) the defendant's action in singling the plaintiff out was based on an impermissible motive such as race, or religion. See e.g., United States v. Hintzman, 806 F.2d 840, 842 (8th Cir. 1986); see also Marshall v. Columbia Lea Reg. Hosp., 345 F.3d 1157, 1167-68 (10th Cir. 2003)(analogizing § 1983 equal protection claims to selective enforcement claims in the criminal context). No plausible claim is stated.

To the extent Sayres asserts a claim of vindictive prosecution, the claim fails. Vindictive prosecution violates Due Process. It is a prosecution to deter or punish the exercise of a constitutionally protected right. See e.g. United States v. Wade, 266 F.3d 574, 585 (6th Cir. 2001). To establish vindictive prosecution, the plaintiff must show: (1) exercise of some protected right; (2) the prosecutor's or official's stake in deterring the plaintiff's exercise of his

-7-

constitutional rights; and, (3) that the prosecutor's or official's conduct was unreasonable. *Id.* (citations omitted).  No plausible claim of vindictive prosecution has been alleged.

Fourth, Sayres's claims against Former ADC Director, Ray Hobbs, are subject to dismissal.  "Claims against individuals in their official capacities are equivalent to claims against the entity for which they work."  Gorman v. Bartch, 152 F.3d 907, 914 (8th Cir. 1998).  Thus, Sayres's official capacity claim against Defendant Hobbs is a claim against the ADC.  *Id.*  The ADC is a state agency.  See Fegans v. Norris, 351 Ark. 200, 206, 89 S.W.3d 919 (2002).  The ADC is entitled to sovereign immunity.  See e.g. Campbell v. Arkansas Department of Correction, 155 F.3d 950, 962 (8th Cir. 1998).

Moreover, while the ADC calculates the date on which an individual is eligible for parole based on the law in effect at the time the crime is committed, it has no control over the decision of the Arkansas Parole Board to grant or revoke parole.  Lewis v. Hobbs, 2014 Ark. 407, 443 S.W.3d 530, 532 (2014)("The determination of parole eligibility is solely within the province of the ADC"); Ark. Code Ann. § 12-28-104 (2015)("The Parole Board shall be the paroling authority for the units of the Department of Correction").  Director Hobbs has no control over how the Parole Board exercised its authority.

Fifth, Sayres's claims against Chief Muniz are subject to dismissal.  Sayres's claims are based on his being hired to work for the police department.  However, these alleged events occurred nearly twenty years ago.

To the extent Sayres's claims against Chief Munoz are based on the September of 2013 arrest, I note that Sayres alleges that he turned himself in on a failure to appear warrant. Chief

-8-

Muniz did not seek Sayres out.  Further, there are no allegations that Chief Muniz played any role in the issuance of the warrant.

Finally, the claims against the parole officer, Jamin B. Martin, in his official capacity are barred by the Eleventh Amendment.  See Will v. Michigan Dept. of State Police, 491 U.S. 58 (1989).  Further, parole officers are absolutely immune from suits challenging conduct intimately associated with the criminal judicial process.  See Copus v. City of Edgerton, 151 F.3d 646, 649 (7th Cir. 1998) (probation officers); Demoran v. Witt, 781 F.2d 155, 157 (9th Cir. 1985) (parole officers are entitled to absolute immunity with respect to the preparation of parole revocation reports); Evans v. Dillahunty, 711 F.2d 828, 831 (8th Cir. 1983)("parole officials in deciding to grant, deny, or revoke parole, perform functions comparable to those of judges," and are, therefore, entitled to absolute immunity).

### III.  CONCLUSION

For the reasons and upon the authorities discussed above, I recommend that this case be dismissed. Petitioner's Amended Complaint fails to state claims upon which relief may be granted; Petitioner's claims are against individuals immune from suit; Petitioner's claims are barred by *res judicata* or the statute of limitations; and, Petitioner's claims are all frivolous or malicious.

**The Plaintiff has fourteen (14) days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The Plaintiff is reminded that objections must be both timely and specific to trigger de novo review by**

**the district court.**

DATED this 15th day of April, 2015.

/s/ Mark E. Ford

HONORABLE MARK E. FORD
UNITED STATES MAGISTRATE JUDGE

-10-