IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

ROBERT G. SAYRES                                                                PLAINTIFF

V.                              CASE NO. 3:14-CV-03065

SHERIFF ROBERT GRUDEK, Carroll
County, Arkansas; RAY HOBBS, Director
of the Arkansas Department of Correction;
DAVE MUNIZ, Berryville Police Department;
and JAMIN MARTIN, Parole Officer                                          DEFENDANTS

## OPINION AND ORDER

Currently before the Court is the Report and Recommendation ("R & R") (Doc. 21) of the Honorable Mark E. Ford, United States Magistrate Judge for the Western District of Arkansas, filed in this case on April 15, 2015, regarding Plaintiff Robert Gregory Sayres's action under the provisions of 42 U.S.C. § 1983. Also before the Court are Sayres's Objections to the R & R (Doc. 23). The Court has reviewed the record *de novo* as to all specified proposed findings and recommendations to which Sayres has raised objections, as per 28 U.S.C. § 636(b)(1), and determined that the Objections offer neither law nor fact sufficient to justify deviating from the findings and conclusions announced in the R & R. Accordingly, the R & R is **APPROVED** and **ADOPTED IN ITS ENTIRETY**. Below the Court will address Sayres's Objections, beginning with a brief review of the facts alleged in the case.

Plaintiff's Amended Complaint states that Sheriff Grudek and his officers have been harassing and falsely imprisoning Sayres "over and over" for the past 19 years. (Doc. 12, p. 4). The R & R observes that Sayres has filed multiple law suits since 2009 concerning

these allegations, in particular asserting that he suffered damages arising from his conviction for having written three hot checks, his alleged employment with the Berryville Police in 1995 or 1996, and various retaliatory encounters he has had with law enforcement. (Doc. 21, p. 4). Each case previously filed by Sayres in this Court was dismissed for various reasons, and the instant case is no exception. As explained in the R & R, Sayres's current case is subject to dismissal due to the application of the doctrine of res judicata, the expiration of the relevant statute of limitations, and for failure to state legally cognizable causes of action.

Sayres only objects to the dismissal of claims against Defendant Muniz. In his Objections, he clarifies:

> I Robert Sayres comes before this Court at this Time to only "object" to The Dismissed part of my Case of officer chief Dave Muniz of the Berryville Police Dept. (I wish only to keep this officer in my Case) And, Dissmisse all other Defendants. at this Time. and "moving forward" with "Chief Dave Muniz" only For Constitution Right Violations. For this Unconstitution Sentence "at this time for" Felon poss of Fire Airm, And Fail to Appear. Double Jeperdy

(Doc. 23) (errors in original).

Focusing on Sayres's claims against Muniz, it appears he disputes the Magistrate's conclusion that they are time-barred. Sayres is incorrect. Causes of action under § 1983 are governed by "the most appropriate or analogous state statute of limitations." *Goodman v. Lukens Steel Co.*, 482 U.S. 656, 660 (1987). In Arkansas, this is the three-year personal injury statute of limitations found at Ark. Code Ann. § 16-56-105(3) (2005). *See Miller v. Norris*, 247 F.3d 736, 739 (8th Cir. 2001) (noting that Ark. Code Ann. § 16-56-105(3) sets forth the statute of limitations applicable to § 1983 cases). As nearly all of Sayres's § 1983

claims are based on alleged injuries that occurred prior to June of 2011, they are barred by the statute of limitations. See Doc. 12, p. 13 (listing in detail all claims alleged against Muniz). To the extent Sayres asserts claims against Muniz based on a September 2013 unlawful detainment/arrest, Sayres admits that this detainment came about after he turned himself in to the Boone County Jail "for an old charge of failure to appear on a 1995 hot check charge." *Id.* at p. 2. Moreover, even when the Court construes the facts surrounding this 2013 incident in the light most favorable to Sayres, there are no facts that indicate Muniz violated Sayres's constitutional rights, including his Fourth and Eighth Amendment rights.

Overall, the Court is troubled by Sayres's history of filing frivolous, repeated lawsuits asserting the same core allegations of fact, and, in many cases, suing the same defendants. Seven of Sayres's lawsuits complaining of a nearly 20-year conspiracy by law enforcement and court officials in Boone and Carroll Counties to, essentially, keep him in jail and in constant trouble with the law, were filed *pro se* and *in forma pauperis*. He received "three strikes," as per 28 U.S.C. § 1915(g), after three of his prior *in forma pauperis* actions were dismissed as frivolous, and in the instant lawsuit, he was ordered to pay the filing fee and was denied *in forma pauperis* status due to his three strikes. Both this case and another pending before this Court, Case No. 3:14-CV-03128, are similarly frivolous, duplicative, and subject to dismissal.

Federal Rule of Civil Procedure 11 requires that any attorney or *pro se* litigant certify that a complaint is not being presented for any improper purpose, such as harassment or unnecessary delay, or to needlessly increase the cost of litigation. Fed. Rule Civ. P.

11(b)(1). Rule 11 also requires that the claims, defenses, and other legal contentions in a complaint be warranted by existing law or by a non-frivolous argument for extending, modifying or reversing existing law or establishing new law. Fed. R. Civ. P. 11(b)(2). Although *pro se* complaints are to be construed liberally, they must conform to the baseline requirements of Rule 11. *Kurkowski v. Volcker*, 819 F.2d 201, 204 (8th Cir. 1987). A *pro se* complaint may be frivolous if "filed in the face of previous dismissals involving the exact same parties under the same legal theories." *Id.*

In light of the above reasoning, **IT IS ORDERED** that the R & R (Doc. 21) is **ADOPTED IN ITS ENTIRETY**. All claims in this case are **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915A(a)-(b), with judgment to enter contemporaneously. All other pending motions are **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that the Clerk of Court refrain from filing any documents tendered by Plaintiff without prior authorization given either by the undersigned or by a United States Magistrate Judge for the Western District of Arkansas to which the case has been referred or assigned. The Court orders this Rule 11 sanction in order to prevent Plaintiff's abuse of the legal system through his repeated, claim-barred, time-barred, frivolous filings.

**IT IS SO ORDERED** this 10th day of August, 2015.

TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE