IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

ROBERT G. SAYRES                                                                          PLAINTIFF

    V.    Civil No. 3:14-CV-03065-TLB

SHERIFF ROBERT GRUDEK, Carroll
County, Arkansas; RAY HOBBS, Director
of the Arkansas Department of Correction;
DAVE MUNIZ, Berryville Police Department;
and JAMIN MARTIN, Parole Officer                                                DEFENDANTS

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This case is before me by referral for a determination of whether *in forma pauperis* status should be granted to Plaintiff, Robert G. Sayres, on appeal. For the reasons stated below, it is my recommendation that the Motion for Leave to Appeal in forma pauperis (Doc. 37) be denied.

### I.  Background

This action was brought by Plaintiff pursuant to 42 U.S.C. § 1983. Sayres paid his filing fee because he is not eligible to proceed *in forma pauperis* (IFP) under the terms of the Prison Litigation Reform Act (PLRA). Specifically, Sayres has had three prior actions dismissed as frivolous. 28 U.S.C. § 1915(g).

Sayres has repeatedly filed frivolous lawsuits in this Court arising out of his alleged employment by the Berryville Police in 1995 or 1996, his conviction for having written three hot checks, and various alleged retaliatory encounters he had with law enforcement. Six such prior actions were listed in the undersigned's Report and Recommendation filed in this action on April 15, 2015. (Doc. 21) In its Order (Doc. 31) adopting the Report and Recommendation in its entirety, the Court stated that it was ". . . troubled by Sayres' history of filing frivolous, repeated lawsuits

asserting the same core allegations of fact, and, in many cases, suing the same defendants." (Doc. 31, p. 3) All claims in this action were dismissed with prejudice pursuant to 28 U.S.C. § 1915A(a)-(b). (Doc. 31, p. 4) The Court's Order specifically stated:

> "IT IS FURTHER ORDERED that "the Clerk of Court refrain from filing any documents tendered by Plaintiff without prior authorization given either by the undersigned or by a United States Magistrate Judge for the Western District of Arkansas to which the case has been referred or assigned. The Court orders this Rule 11 sanction in order to prevent Plaintiff's abuse of the legal system through his repeated, claim-barred, time-barred, frivolous filings." (Doc. 31, p. 4)

Judgment of dismissal with prejudice was entered on August 10, 2015. (Doc. 32) On September 3, 2015, undeterred by the Court's admonition and Rule 11 sanction, Sayres moved for reconsideration of the dismissal of his frivolous claims. (Doc. 33) That motion was denied by the Court on the same date by a Text Only Order.

Sayres then filed his Notice of Appeal on October 5, 2015. (Doc. 34) The Notice of Appeal was filed more than thirty (30) days after the entry of the Court's Judgment and subsequent Text Only Order denying reconsideration. This is in violation of Rule 4(a)(1), F.R.A.P., which requires that the notice of appeal be filed with the district clerk within thirty (30) days after entry of the judgment or order being appealed from. Accordingly, Sayres' Notice of Appeal was untimely filed.

On November 16, 2015, Sayres paid the $505.00 appeal filing fee, and receipt number 5005196 was issued by the Clerk. On the same date, Sayres filed his Motion for Leave to Appeal in forma pauperis. (Doc. 37) That motion was referred to the undersigned on the same date. On November 23, 2015, the Clerk advised the undersigned that the check[1] submitted in payment of the $505.00 appeal filing fee had been stopped on November 19, 2015. The Clerk's letter requesting that

---

[1] Check No. 624 issued on the account of Brenda Roach at Regions Bank.

Ms. Roach remit payment of the $505.00 filing fee, plus a returned check fee of $53.00, in a money order or cashier's check, to be received no later than December 3, 2015, was sent out on November 23, 2015. A copy of said letter was sent to Sayres.

## II.  Discussion

28 U.S.C. § 1915 governs applications for leave to appeal in forma pauperis. 28 U.S.C. § 1915(a)(1) provides:

> ". . . any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefore, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress."

28 U.S.C. § 1915(a)(3) provides that "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." "Good faith," within the meaning of the statute, must be judged by an objective and not subjective standard, and a litigant's good faith is demonstrated when he seeks appellate review of any issue that is not frivolous. *Coppedge v. United States*, 369 U.S. 438, 445, 82 S.Ct. 917, 921, 8 L.Ed.2d 21 (1962).

To proceed in forma pauperis is a privilege and not a right. *Green v. Wyrick*, 428 F.Supp. 728, 731  (W.D. Mo. 1976). "A plaintiff, even though of small means, could reasonably be asked to some small degree to 'put his money where his mouth is,' it being all too easy to file suits . . . if it costs nothing whatever to do so." *Id*. at 731-32.

The decision of whether to grant or deny in forma pauperis status under § 1915 "is within the sound discretion of the trial court." *Lee v. McDonald's Corp.*, 231 F.3d 456, 458 (8th Cir.

2000)(internal citation omitted).

Having had at least three prior actions dismissed as frivolous, Sayres is not eligible to proceed *in forma pauperis* under the terms of the PLRA. This action was also dismissed upon initial screening under 28 U.S.C. § 1015A(a)-(b) as frivolous. Having initially paid the appeal filing fee, which payment was later stopped, Sayres now seeks IFP status to appeal. Sayres continues to abuse the legal system through his frivolous filings, and his untimely Notice of Appeal in this action is not taken in good faith.

### III.  Conclusion

Accordingly, the undersigned recommends that Plaintiff's Motion for Leave to Appeal *in forma pauperis* be **DENIED**.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 24th day of November, 2015.

/s/ Mark E. Ford
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE